UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRANDON B. DREWRY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )    1:14-cv-00392-GZS |
| | ) |
| CORRECT CARE SOLUTIONS, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AND ORDER**

In this action, Plaintiff complains about the adequacy of the medical care that he has received while an inmate at the Maine State Prison. Plaintiff has filed several motions, which are addressed separately in this recommended decision and order. Additionally, the recommended decision addresses the motion to dismiss filed by Defendant Robert H. Dixon.

A. <u>Renewed Motions for Preliminary Injunction</u> (ECF Nos. 29, 42)

Plaintiff previously filed three motions for a preliminary injunction (ECF Nos. 7, 12, 14). Through the motions, Plaintiff requested that the Court order Defendant Correct Care Solutions to provide certain medical care. Because Plaintiff had not satisfied certain procedural requirements (e.g., service of process), the Court denied the motions without prejudice (ECF Nos. 8, 13, 17). Plaintiff has filed two renewed motions for preliminary injunction (ECF Nos. 29, 42).[1]

In his complaint, Plaintiff alleges, among other things, that he suffers frequent nosebleeds and a chronic skin condition. Through his motion, Plaintiff asks the Court to "order that [Defendant Correct Care Solutions] schedule [him] to have two 'YAG laser' procedure[s] – one on each nostril and that [his] condition be properly monitored … [and] that the order be renewed for skin lotion." (Plaintiff's Motion, ECF No. 29, at 20.)

---

[1] Because Plaintiff essentially makes the same arguments and seeks the same relief in both motions, this recommended decision will address the motions collectively.

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Federal Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTC Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011)). To prevail on his request for a preliminary injunction, Plaintiff must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that the injunction is in the public interest." *Id.* (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Here, Plaintiff has failed to offer reliable evidence to establish any one of the required criteria. In fact, Plaintiff has not provided the Court with any admissible evidence to support the injunctive relief that he seeks. Conversely, Defendant, through the affidavit of Robert Clinton, M.D., has submitted admissible evidence that suggests that Plaintiff has received appropriate care, and that injunctive relief is not warranted. In other words, the record evidence does not justify the "extraordinary and drastic remedy" of a preliminary injunction.

B. <u>Renewed Motion for Appointment of Counsel</u> (ECF No. 41)

On three prior occasions, Plaintiff requested that the Court appoint counsel to represent him in this matter. The Court denied each of Plaintiff's requests. (ECF Nos. 5, 16, 28.) Plaintiff again seeks the appointment of counsel. (ECF No. 41.) Plaintiff contends that he is unable to represent himself adequately due to his lack of legal knowledge, and because of certain restrictions at the Maine State Prison.

Plaintiff does not seek representation in a criminal matter or for any other reason for which counsel can be appointed under 18 U.S.C. § 3006A. Accordingly, as the Court previously determined, to the extent that Plaintiff seeks the appointment of counsel based on his former status

as a criminal defendant or on his current status as an inmate, Plaintiff is not entitled to counsel under section 3006A. (ECF Nos. 5, 16, 28.)

In addition, "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The *in forma pauperis* statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). An appointment of counsel under the statute is discretionary, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24. For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel "should be denied in a civil case." *Id.* Denial of an indigent plaintiff's request for counsel is error only if the denial "was likely to result in fundamental unfairness impinging on his due process rights." *Id.* at 23.

Although claims of deliberate indifference regarding serious medical needs are not insignificant, the law and facts relevant to Plaintiff's case are sufficiently straightforward that he should be able to represent himself. Indeed, contrary to Plaintiff's argument, Plaintiff's filings demonstrate that he can represent himself capably in this action.

C. <u>Motion to Order Prison Staff to Make Photocopies in Presence of Plaintiff</u> (ECF No. 60)

Plaintiff requests that the Court order the staff of the Maine State Prison to make copies of certain documents for his use in this action and in other potential civil actions and that all photocopying take place in his presence. Preliminarily, neither the Commissioner of the Department of Corrections, nor any other official with policy-making authority for the Maine State Prison, is a party to this action. The Department thus has not had the opportunity to respond to Plaintiff's contentions regarding the prison's photocopying policy. In addition, Plaintiff has not

provided any record evidence to establish that the prison's policy in fact generates a constitutional concern. The Court, therefore, denies Plaintiff's specific request for relief in his motion.

Nevertheless, because Defendants work within the prison, the Court directs Defendants to advise prison officials of Plaintiff's concern regarding his ability to prepare court filings, and to assure that none of the Defendants has access to any of Plaintiff's legal materials, including his legal mail.

   D. Motion to Extend Time (ECF No. 47); Motion to Stay (ECF No. 53); Renewed Motion to Stay (EFC No. 55); Motion to Extend Time (ECF No. 58)

Through a series of motions, Plaintiff argues that he requires more time to respond to Defendants' Motion to Dismiss (ECF No. 25). In at least one instance, he requests more time to respond to Defendants' opposition to Plaintiff's motion for preliminary injunction. (ECF No. 47.) As explained above, Plaintiff has not provided any record evidence to support his request for injunctive relief. To permit the moving party at this stage to attempt to supplement the record would be inappropriate. Plaintiff, however, did not initiate the motion to dismiss. Under the circumstances, Plaintiff's request for an extension of time to respond to the motion to dismiss is reasonable.

   E. Defendant Dixon's Motion to Dismiss (ECF No. 39)

Defendant Robert H. Dixon, M.D., has filed a motion to dismiss in which he asserts that he is not a proper defendant because he is not a state actor for purposes of 42 U.S.C. § 1983. In a motion to amend (ECF No. 44), Plaintiff represents that Dr. Dixon should not have been named as a defendant and that his name was inserted in the complaint in error. Consistent with his representation, Plaintiff has not objected to Defendant Dixon's request for dismissal. Accordingly, the recommendation is that the Court grant Defendant Dixon's motion to dismiss.

**Conclusion**

Based on the foregoing analysis, I recommend that the Court deny Plaintiff's Renewed Motions for Preliminary Injunction (ECF Nos. 29, 42), and grant Defendant Dixon's Motion to Dismiss (ECF No. 39).

I also deny Plaintiff's Renewed Motion for Appointment of Counsel (ECF No. 41); I deny Plaintiff's Motion to Order Prison Staff to Make Photocopies in Plaintiff's Presence (ECF No. 60), but direct Defendants to advise the Department of Corrections (a) of Plaintiff's concerns regarding his ability to prepare court filings and (b) of the need to assure that Defendants do not have access to Plaintiff's legal materials; and I grant in part and deny in part Plaintiff's Motion to Extend Time (ECF No. 47), Motion to Stay (ECF No. 53), Renewed Motion to Stay (ECF No. 55), and Motion to Extend Time (ECF No. 58).  In particular, Plaintiff's request for an extension of time to respond to Defendants' opposition to motion for preliminary injunction is denied.  Plaintiff's request for an extension of time to respond to Defendants' motion to dismiss is granted.  The time within which Plaintiff must file his response to Defendants' motion to dismiss (ECF No. 25) is extended to June 30, 2015.

**NOTICE**

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72.   With respect to the order on non-dispositive matters, a party may serve and file objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(a).  With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of

being served with a copy.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.  Fed. R. Civ. P. 72(b)(2).

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                    /s/ John C. Nivison
                                    U.S. Magistrate Judge

Dated this 28th day of May, 2015.