UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRANDON B. DREWRY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:14-cv-00392-GZS |
| | ) | |
| CORRECT CARE SOLUTIONS, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDER ON PLAINTIFF'S MOTION TO SUPPLEMENT**

In this action, Plaintiff Brandon Drewry, currently an inmate at the Maine State Prison, alleges Defendants acted with deliberate indifference toward his medical needs in violation of the Fourteenth Amendment.

The matter is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 162) and Plaintiff's Motion to Supplement. (ECF No. 167.)  Through his summary judgment motion, Plaintiff requests judgment against Defendants Elisabeth Lamson and Dana Webster.  Through his motion to supplement, evidently in support of the motion for summary judgment, Plaintiff seeks to introduce certain facts regarding his need for a vaporizer to treat a medical condition.

Following a review of the pleadings, summary judgment filings, and the parties' arguments, I grant Plaintiff's motion to supplement.  In addition, I recommend the Court deny Plaintiff's motion for summary judgment.

**I.     Plaintiff's Motion to Supplement**

Shortly after filing his motion for summary judgment, and before Defendants filed their opposition to the motion, Plaintiff moved to supplement the record with certain facts regarding Defendants' decision to deny Plaintiff the use of a vaporizer.  A vaporizer was apparently part of

1

the treatment an outside provider recommended for one of Plaintiff's medical conditions. (Motion to Supplement, ECF No. 167; April 5, 2011, Letter of Robert Dixon, M.D., to Maine State Prison, ECF No. 169.) As part of the motion to supplement, Plaintiff filed eight exhibits. (Additional Attachments, ECF No. 169.) Because Plaintiff filed the motion to supplement before Defendants responded to the motion for summary judgment, Defendants were aware of the additional alleged facts when they filed their response to the motion. I cannot, therefore, discern any prejudice to Defendants if the motion is granted. Accordingly, I grant the motion to supplement.[1]

## II. Plaintiff's Motion for Summary Judgment

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy,* 782 F.3d 73, 77 (1st Cir. 2015). If the court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party …, a trial worthy controversy exists

---

[1] Insofar as Plaintiff's allegations regarding the vaporizer are encompassed within his broader claim of deliberate indifference concerning the treatment of his one of his medical conditions, it is not necessary for Plaintiff to amend his pleadings in order to cite the evidence in support of his deliberate indifference theory. Under the notice pleading standard that applies to pleadings, a party is not required to set forth in a complaint every fact that supports his claim. Instead, a party need only set forth, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

2

and summary judgment must be denied …. *Id.* ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)). [2]

### B. Standard of Proof for Deliberate Indifference

Plaintiff contends Defendants acted with deliberate indifference to his medical needs. Defendants' obligation to Plaintiff regarding medical care is governed by the Due Process Clause of the Fourteenth Amendment. Specifically, the Due Process Clause imposes on the states the "substantive obligation" not to treat prisoners in their care in a manner that reflects "deliberate indifference" toward "a substantial risk of serious harm to health," *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011), or "serious medical needs," *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 – 106 (1976)). To be actionable, a deliberate indifference claim must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011).

---

[2] At summary judgment, the Court ordinarily considers only the facts included in the parties' statements of material facts, which statements must be supported by citations to evidence of record. Federal Rule of Civil Procedure 56(c) and District of Maine Local Rule 56(b) – (d) require the specific citation to record evidence. In addition, Local Rule 56 establishes the manner by which parties must present their factual statements and the evidence on which the statements depend. A party seeking summary judgment thus must file, in addition to its summary judgment motion, a supporting statement of material facts setting forth each fact in a separately numbered paragraph, with each factual statement followed by a citation to evidence of record that supports the factual statement. D. Me. Loc. R. 56(b). A party opposing a motion for summary judgment must file an opposing statement in which it admits, denies, or qualifies the moving party's statements by reference to each numbered paragraph, with citations to supporting evidence, and in which it may set forth additional facts, in separately numbered paragraphs, with citation to supporting evidence. D. Me. Loc. R. 56(c). If an additional statement is introduced by the non-moving party, then the moving party must file a reply statement in which it admits, denies, or qualifies the non-moving party's additional statements by reference to each numbered paragraph, with citations to supporting evidence. D. Me. Loc. R. 56(d). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." D. Me. Loc. R. 56(f). Additionally, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." *Id.* Finally, "[t]he court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." *Id.* A party's pro se status does not relieve the party of the obligation to comply with the court's procedural rules. *Ruiz Rivera v. Riley,* 209 F.3d 24, 27 – 28 & n. 2 (1st Cir. 2000); *Marcello v. Maine*, 489 F. Supp. 2d 70, 77 (D. Me. 2007).

The objective standard evaluates the seriousness of the risk of harm to one's health. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is serious if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)).

The subjective standard concerns the culpability of the defendant. There must be evidence that a particular defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Deliberate indifference must be distinguished from negligence. As the First Circuit explained:

> A finding of deliberate indifference requires more than a showing of negligence. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987). A plaintiff claiming an eighth amendment violation with respect to an inmate's serious mental health or safety needs must allege "acts or omissions sufficiently harmful to evidence deliberate indifference." *Estelle*, 429 U.S. at 106; *see also Cortes-Quinone v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988). Although this court has hesitated to find deliberate indifference to a serious need "[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment," *Sires*, 834 F.2d at 13, deliberate indifference may be found where the attention received is "so clearly inadequate as to amount to a refusal to provide essential care."

*Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991).

### C. Summary Judgment Record

On September 28, 2015, in granting in part Defendants' motion to dismiss, the Court determined Plaintiff had asserted an actionable claim for deliberate indifference as to Defendants' treatment of Plaintiff's hereditary hemorrhagic telangiectasia (HHT) and Staphylococcus aureus infections. (Order Affirming the Recommended Decision of the Magistrate Judge, ECF No. 95; Recommended Decision, ECF No. 90.)

At summary judgment, Plaintiff maintains that employees of Defendant Correct Care Solutions (CCS), specifically Health Services Administrator Elisabeth Lamson and Dana Webster, M.D., acted with deliberate indifference in their treatment of Plaintiff's medical conditions. (Motion for Summary Judgment at 1.) In essence, Plaintiff argues Defendants failed to address properly his medical condition even though Defendants were aware of his conditions and, through his grievance activity, were aware of his dissatisfaction with his treatment. (*Id.* at 2.)

In support of his motion, Plaintiff relies on an affidavit of inmate Jeffrey Williams, who asserts Plaintiff "has a medical condition that causes his nose to bleed constantly," and that Plaintiff "leaves drops of blood, which causes him to be confronted by other prisoners" (ECF No. 162-2); an affidavit of inmate Randall Hofland, who states Plaintiff experiences incidents in which blood gushes from his nose, frequently complains of inadequate care for this condition, and has "multiple skin ailments … that the Prison's medical staff have routinely failed to treat" (ECF No. 162-3); an affidavit of inmate Dwight Norwood, who asserts Plaintiff has experienced "several nose bleeds for no apparent reason," on an "almost daily" basis, with some lasting "for almost an hour" (ECF No. 162-4); and an affidavit of inmate Michael Toby, who observed Plaintiff "leaning over the sink with blood streaming out of his nose" (ECF No. 162-5).

Plaintiff also filed certain grievance-related documents, which demonstrate Plaintiff has filed grievances regarding Defendants' care of his nosebleeds. In addition, Plaintiff cites the letter from an outside medical consultant, Dr. Robert Dixon, to prove that Defendants acted with deliberate indifference when they failed to provide Plaintiff with a vaporizer.

In response to Plaintiff's motion, Defendants rely on record evidence, including affidavit testimony from medical providers involved in Plaintiff's care, to contest Plaintiff's deliberate indifference contention.[3] For instance, Defendant Clinton, the Regional Medical Director for Defendant CCS, who has been directly involved in Plaintiff's care, reports that on the occasions Plaintiff has been diagnosed as having a Staph infection, he has received appropriate antibiotics. (Defendants' Additional Statement ¶ 74.)

As to Plaintiff's nosebleeds, Plaintiff has been seen by an outside consultant (Dr. Julius Damion, an ear-nose-throat specialist) on six occasions in three years and has received YAG photocoagulation surgeries from Dr. Damion (*Id.* ¶¶ 59 – 60); he has been scheduled for another YAG procedure in the near future (*Id.* ¶ 62); he is provided ointments to prevent dryness in his nasal cavity to reduce the frequency of nosebleeds (*Id.* ¶ 64); he receives a saline nasal mist and iron supplements to prevent anemia due to blood loss (*Id.*); and he has been provided with a humidifier (*Id.* ¶ 67).[4]

---

[3] Because Defendants are the non-movants, the Court reviews the record in the light most favorable to Defendants. *Perry,* 782 F.3d at 77. Consequently, in the context of Plaintiff's motion, the Court must accept as true the sworn testimony of Defendants' witnesses.

[4] Defendants also cite an affidavit of Wendell Atkinson, Grievance Review Officer at the Maine State Prison, in support of statements designed to support an argument that Plaintiff has not fully exhausted administrative procedures. (Defendants' Statement ¶¶ 27 – 40.)

### D. Summary Judgment Analysis

As explained above, to establish deliberate indifference, Plaintiff must satisfy both an objective standard and a subjective standard. To prove facts that satisfy the objective standard, unless the need for a specific treatment is obvious even to a lay person, a plaintiff must establish that a physician has made a diagnosis that mandates treatment. *Leavitt*, 645 F.3d at 497. Additionally, a plaintiff must prove that the defendant in question demonstrated deliberate indifference to the plaintiff's serious medical need by disregarding "impending harm, easily preventable," *Feeney*, 464 F.3d at 162, or "a refusal to provide essential care," *Torraco*, 923 F.2d at 234, not simply a dispute about a particular course of treatment, *Sires*, 834 F.2d at 13.

A review of the summary judgment record reveals Plaintiff has failed to establish as a matter of law that Defendants acted with deliberate indifference toward Plaintiff's medical needs. In particular, Plaintiff has failed to demonstrate conclusively that a physician has made a diagnosis that mandates certain treatment, or that a specific treatment is obvious to a lay person. Plaintiff thus is not entitled to summary judgment on his deliberate indifference claim.[5]

### III. Conclusion

Based on the foregoing analysis, I grant Plaintiff's Motion to Supplement. (ECF No. 167.) In addition, I recommend the Court deny Plaintiff's Motion for Summary Judgment. (ECF No. 162.)

### NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on a non-dispositive matter (i.e., the Motion to Supplement), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

---

[5] Plaintiff has not only failed to establish that he is entitled to summary judgment based on the record evidence, but Plaintiff has also not served Defendant Webster with the complaint in this matter. Plaintiff's failure to join Defendant Webster as a party is a separate basis for the denial of Plaintiff's motion for summary judgment as to Defendant Webster.

With respect to the recommendation made herein (i.e., on the Motion for Summary Judgment), a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.  Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                                  /s/ John C. Nivison
                                                  U.S. Magistrate Judge

Dated this 28th day of November, 2016.