UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BRANDON B. DREWRY, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:14-cv-00392-GZS |
| CORRECT CARE SOLUTIONS, | ) ) ) | |
| Defendant | ) | |

**ORDER GRANTING IN PART MOTION TO AMEND**

The matter is before the Court on Plaintiff's Motion to Amend and Proposed Amendments. (ECF No. 156.)[1] Through his motion, Plaintiff requests leave to proceed with his claim against Defendants Robin Cross-Snell and Dr. Webster, without filing a comprehensive amended complaint. In addition, Plaintiff requests leave to supplement his pleadings to assert or modify his plea for relief. Plaintiff's motion is granted in part.

**Background**

Plaintiff's original complaint (ECF No. 1), filed October 3, 2014, did not include Defendants Cross-Snell or Webster among the named defendants. On September 28, 2015, the Court granted Plaintiff's request to amend his pleadings to assert claims against Defendants Cross-Snell and Webster. (ECF No. 95, ¶ 5 ("It is hereby ORDERED that Plaintiff's Supplemental Pleading (ECF No. 68) is GRANTED to permit his claim against Robin Cross-Snell.") & ¶ 7 ("It is hereby ORDERED that Plaintiff's Supplemental Pleading (ECF No. 84) by which he reasserts his request to join Dr. Webster as a Defendant (ECF No. 33) is hereby GRANTED.").)

---

[1] The Electronic Case Files (ECF) number is a reference to the docket entry number assigned to filings on the case docket.

1

On September 29, 2015, following entry of the Court's order granting Plaintiff's request to amend his complaint (ECF No. 95), the clerk made the following internal notation on the docket: "Copies mailed to BRANDON B DREWRY re Orders 94 and 95.  Also sent [Notice of Electronic Filing] of #95 with instructions to file amended complaint highlighted."

Because Plaintiff did not file an amended complaint, on October 28, 2015, the Court ordered Plaintiff to show cause why he had not filed an amended complaint.  (Order to Show Cause, ECF No. 112.)  In response, Plaintiff maintained the Court's order (ECF No. 95) did not require the filing of an amended complaint.  (Response to Order to Show Cause, ECF No. 114.) On November 16, 2015, the Court ordered Plaintiff to file an amended complaint "to establish one pleading that includes all of Plaintiff's claims, and that will govern the future course of the case." The order was consistent with the ordinary practice governing motions to amend (i.e., that there be a proposed, comprehensive amended complaint setting forth all of Plaintiff's claims).  (Order on Renewed Motion for Documents and Order to Show Cause, ECF No. 115.)  Subsequently, in various filings, Plaintiff has argued that he has had and continues to have difficulties accessing copies of his important case filings, including his original complaint, and that it is difficult for him to use the available records and resources to produce a new amended complaint asserting all of the allegations set forth in his prior pleadings.  (*See*, *e.g.*, Motion to Stay, ECF No. 155.)

Through his current motion, Plaintiff in essence requests leave to proceed on his claim against Defendants Cross-Snell and Webster without filing a new comprehensive pleading.  In addition, Plaintiff seeks leave to amend the substance of his existing complaint.

## Discussion

This Court recently addressed the issues relevant to a court's assessment and management of amended pleadings filed by pro se litigants:

> Typically, an amended complaint replaces an original complaint in its entirety, and claims that appear only in the original are treated as abandoned. *See Kolling v. American Power Conversion Corp.,* 347 F.3d 11, 16 (1st Cir. 2003). However, a pleading may adopt by reference statements that appear in other pleadings. Fed. R. Civ. P. 10(c). A plaintiff who wishes to incorporate an original complaint into an amended complaint in this manner is required "to plead the claim with sufficient specificity" to make a defendant aware that an additional claim has been asserted. *Kolling,* 347 F .3d at 17.
>
> Against this backdrop, the Federal Rules of Civil Procedure require that pleadings be construed "so as to do justice." Fed. R. Civ. P. 8(e). While unrepresented litigants "are not exempt from procedural rules, [the court holds] pro se pleadings to less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy,* 550 F.3d 154, 158 (1st Cir. 2008); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*pro se* complaints are to be "liberally construed") (internal quotations and citations omitted).

*Doyle v. Falmouth Police Dep't*, No. 2:14-CV-259-JDL, 2015 WL 470715, at *2, 2015 U.S. Dist. LEXIS 12994, at *5 – *6 (D. Me. Feb. 4, 2015, Levy, J.).

Given this understandable approach to amendments filed by pro se litigants, insofar Plaintiff's prior pleadings (ECF Nos. 33, 44, 68, 84) provide Defendants Cross-Snell and Webster with notice of the factual basis of Plaintiff's claims, the Court will permit Plaintiff to incorporate his claims against Defendants Cross-Snell and Webster into the operative complaint. To the extent Plaintiff seeks to modify or supplement any of the substantive claims he has asserted to this point, given the length of time this matter has been pending and given that the discovery period has expired, the Court denies Plaintiff's request.

## Conclusion

Based on the foregoing analysis, the Plaintiff's Motion to Amend and Proposed Amendments (ECF No. 156) is granted in part and denied in part. Plaintiff's claims against Defendants Cross-Snell and Webster are incorporated into Plaintiff's operative complaint. Service of pleadings filed at ECF Nos. 1, 33, 44, 68 and 84 upon Defendants Cross-Snell and Webster is

authorized.  Counsel for Defendants shall notify the Court within 10 days whether they are authorized to accept service on behalf of Defendants Cross-Snell and Webster.  In the event counsel is not authorized to accept service, the pleadings shall be forwarded to the U.S. Marshal for service.  Plaintiff's motion is otherwise denied.

## NOTICE

Any objections to this order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of November, 2016