UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRANDON B. DREWRY,                    )
                                      )
            Plaintiff                 )
                                      )
      v.                              )        1:14-cv-00392-GZS
                                      )
CORRECT CARE SOLUTIONS, et al.,       )
                                      )
            Defendants                )


**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR INJUNCTIVE RELIEF**

In this action, Plaintiff Brandon Drewry, currently an inmate at the Maine State
Prison, alleges that Defendants acted with deliberate indifference toward his serious
medical needs.  The matter is before the Court on Plaintiff's motion for injunctive relief.
(ECF No. 234.)  Through the motion, Plaintiff requests the Court order Defendants to
schedule further laser procedures to treat one of his medical conditions (hereditary
hemorrhagic telangiectasia (HHT) and related nosebleeds), and to provide an extension
cord for use with his vaporizer.  (Motion at 1.)

Following a review of the motion, and after consideration of the parties' arguments,
I recommend the Court deny the motion.

**Discussion**

When evaluating a request for injunctive relief, courts "must consider (1) the
likelihood of success on the merits; (2) the potential for irreparable harm if the injunction
is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if

enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 &n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

As explained in the recommended decision on Defendants' motion for summary judgment (ECF No. 282), Plaintiff cannot prevail on his claims against Defendants. Plaintiff, therefore, cannot satisfy an essential element of proof necessary to obtain injunctive relief.  Furthermore, given that the record demonstrates that Plaintiff has been receiving regular treatment for the HHT and nosebleeds, including treatment with an outside consultant, Julius Damion, M.D., an ENT, the record does not support a finding that Plaintiff will suffer irreparable harm or a particular hardship if the Court does not direct Plaintiff's medical care.  In fact, the only medical expert evidence of record suggests the current course of treatment is appropriate.  Finally, for the Court to intervene in the care and treatment of Plaintiff on this record would be contrary to the public interest, which militates against interference with prison administration.  As the Eighth Circuit recognized, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). In sum, Plaintiff has failed to demonstrate that he is entitled to injunctive relief.

**Conclusion**

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for injunctive relief.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of March, 2017.